IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

————FILED ————ENTERED
————LODGED ————RECEIVED

DEC - 7 2007

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY                        DEPUTY

GEORGE A. FALCONER                :

                                  :

        v.                        : Civil Action No. DKC 2004-3853
                                    Criminal Case No. DKC 2004-0102

                                  :

UNITED STATES OF AMERICA

                                  :

### MEMORANDUM OPINION

Presently pending and ready for resolution in this case is the motion of *pro se* Petitioner, George A. Falconer, to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. (Paper 9). For the reasons that follow, the court shall deny Petitioner's § 2255 motion petition.

### I. Background

On March 31, 2004, Petitioner pleaded guilty to illegal reentry after conviction of an aggravated felony in violation of 8 U.S.C. § 1326(a) and (b)(2). The parties signed a written plea agreement that Petitioner was guilty of count one of the indictment, which alleged that he was an alien at the time of the alleged offense, that prior to the alleged offense he had been deported after having been convicted of an aggravated felony, that he was found subsequently in the United States, and that he had not received the express permission of the Attorney General or the Secretary of Homeland Security to apply for readmission. The agreement also indicated that the charge carried a maximum of

CM 12/6/07

twenty years imprisonment.   Petitioner was sentenced to twenty-seven months imprisonment and to three years of supervised release.

During Petitioner's plea colloquy, the court thoroughly reviewed the plea agreement with Petitioner.  In particular, the court informed Petitioner that he had "the absolute right [to] plead not guilty" and asked if he understood that "[n]o one can make you come in here and enter a guilty plea."  (Paper 13, Re-arraignment/Guilty Plea Trans., at 5).  The court also informed Petitioner that the charge to which he was pleading guilty "carrie[d] a maximum penalty of up to 20 years in prison, followed by supervised release of up to three years" and confirmed with petitioner that he understood "all of the terms of the maximum penalty provided by law."  (*Id.* at 7).  Further, the court explained to petitioner that he "need[ed] to understand that it is possible that [the court] will not agree with all of the proposed guideline findings" and that Petitioner would not "be allowed to withdraw [his] guilty plea if that should happen." (*Id.* at 8).

The court discussed Petitioner's interactions with his trial counsel with him.  Petitioner informed the court that his trial counsel and he had reviewed the plea agreement, that his counsel had answered his questions, and that he believed that his counsel had spent sufficient time with him.  (*Id.* at 15).  Petitioner also responded affirmatively when the court asked him whether he was satisfied with his counsel's performance.  (*Id.*).   The Court also

2

confirmed with Petitioner that he was not threatened in connection with his plea and was not promised anything to induce him to plead guilty. (*Id.*).

The Government and the Petitioner agreed to a statement of facts, including that Petitioner was convicted of the aggravated felony of distribution of cocaine in 1994 and because he was not a citizen of the United States was deported in January 1995, at which time he was informed of his inability to return legally to this country. (*Id.* at 9). The statement of facts also indicated that Petitioner was located inside the United States subsequently in 2004 and that he had not obtained permission from the United States government to reenter. (*Id.* at 10). Petitioner agreed that these facts were true and affirmed that he was in fact guilty of the charged offense. (*Id.*). Petitioner also indicated that he understood the plea agreement, including the waiver of appeal rights other than the right to appeal if the court departed from the sentence guideline range or exceeded the statutory maximum sentence. (*Id.* at 12-14).

Petitioner filed the pending motion to vacate and set aside his sentence pursuant to 28 U.S.C. § 2255 on December 7, 2004. (Paper 9). In that motion, Petitioner raises the following two claims: (1) that he received ineffective assistance of counsel in advance of his plea; and (2) that his sentence was unlawfully enhanced beyond the conceded factual basis in violation of his

3

Sixth Amendment right to a trial by jury per *Blakely v. Washington*, 542 U.S. 296 (2004).

On December 15, 2004, the court entered an Order directing the United States to show cause why the motion to vacate should not be granted.    (Paper 10).    The Government filed its response in opposition to Petitioner's § 2255 motion on March 29, 2005. (Paper 14).    In that document, the Government argued that Petitioner's claim that he received ineffective assistance of counsel must fail because it is procedurally barred, and because *Blakely v. Washington* does not apply where the challenged sentencing factor was a prior conviction and where the sentence does not exceed the statutory maximum. (*Id.* at 6-7). Further, the Government asserted that Petitioner's ineffective assistance claim must fail because it establishes neither deficient performance nor actual prejudice as required for a successful ineffective assistance of counsel claim under *Strickland v. Washington*, 466 U.S. 668 (1984). (*Id.* at 3-6). Specifically, the government argues that: (1) Petitioner's counsel was not deficient in failing to challenge the sufficiency of the indictment because it was sufficient; (2) even if the indictment was insufficient, Petitioner's counsel was not deficient in failing to challenge it because the failure to do so was objectively reasonable; and (3) even if counsel's representation was deficient, Petitioner was not denied the effective assistance of counsel because he was not prejudiced by the indictment's form where there

4

is no evidence that Petitioner would not have pled guilty to the charged offense had his counsel challenged the indictment's form. (*Id.*).

## II. Standard of Review

Title 28 U.S.C. § 2255 requires a Petitioner asserting constitutional error to prove by a preponderance of the evidence that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." On the other hand, "[t]he scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" *United States v. Mikalajunas*, 186 F.3d 490, 495-96 (4th Cir. 1999) (internal citations omitted). While a *pro se* movant is entitled to have his arguments reviewed with appropriate consideration, see *Gordon v. Leeke*, 574 F.2d 1147, 1151-53 (4th Cir. 1978), if the § 2255 motion, along with the files and records of the case, conclusively shows that he is entitled to no relief, a hearing on the motion is unnecessary and the claims raised in the motion may be dismissed summarily. 28 U.S.C. § 2255. Furthermore, only issues that have not been waived may be raised:

> In order to collaterally attack a conviction
> or sentence based upon errors that could have
> been but were not pursued on direct appeal,
> the movant must show cause and actual
> prejudice resulting from the errors of which
> he complains or he must demonstrate that a
> miscarriage of justice would result from the
> refusal of the court to entertain the
> collateral attack. The existence of cause for
> a procedural default must turn on something
> external to the defense, such as the novelty
> of the claim or a denial of effective
> assistance of counsel. And, in order to
> demonstrate that a miscarriage of justice
> would result from the refusal of the court to
> entertain the collateral attack, a movant must
> show actual innocence by clear and convincing
> evidence.

*Mikalajunas*, 186 F.3d at 492-93.

## III. Analysis

A conviction and sentence based on a guilty plea can only be
collaterally attacked on relatively narrow grounds, including that
the plea was not voluntary, that the Petitioner received
ineffective assistance of counsel, or that the court clearly lacked
authority to impose the sentence.

> A plea of guilty and the ensuing conviction
> comprehend all of the factual and legal
> elements necessary to sustain a binding, final
> judgment of guilt and a lawful sentence.
> Accordingly, when the judgment of conviction
> upon a guilty plea has become final and the
> offender seeks to reopen the proceeding, the
> inquiry is ordinarily confined to whether the
> underlying plea was both counseled and
> voluntary. If the answer is in the
> affirmative then the conviction and the plea,
> as a general rule, foreclose the collateral
> attack. There are exceptions where on the
> face of the record the court had no power to
> enter the conviction or impose the sentence.

6

*United States v. Broce,* 488 U.S. 563, 569 (1989).

Petitioner must have more than mere allegations to create factual disputes with the sworn testimony he offered in his plea proceeding because "[s]olemn declarations in open court carry a strong presumption of verity.   The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).

## 1. Enhanced Sentence and *Blakely v. Washington*

Petitioner argues that his sentence constitutes an unlawful sentencing enhancement under *Blakely v. Washington*. Specifically, Petitioner claims that his counsel was deficient in failing to challenge the sufficiency of the indictment against him.   He asserts that the indictment spelled out a charge under 11 U.S.C. § 1326(a), but was inadequate with regard to § 1326(b)(2) because it did not specify that the aggravated felony of which he was convicted previously was a "drug trafficking offense," but instead merely stated that he "had been deported and removed from the United States, after having been convicted of an aggravated felony[.]"

7

*Blakely v. Washington*, 542 U.S. 296 (2004), decided on June 24, 2004,[1] held that, under the Washington state sentencing law, the imposition of a sentence higher than the normally applicable range based on facts found by the sentencing judge, but neither admitted by the defendant nor found by a jury, violated a defendant's rights under the Sixth Amendment. *Blakely* is inapposite where, as here, Petitioner was not sentenced in excess of the applicable statutory maximum. As § 1326(b)(2), Petitioner's indictment, his plea agreement, and the transcript of Petitioner's re-arraignment all indicate, the statutory maximum for a violation of that section is twenty years. Petitioner was sentenced to three years, and thus his sentence did not exceed the statutory maximum. Furthermore, even if Petitioner's sentence did exceed the statutory maximum, *Blakely* only applies where the facts found by the sentencing judge were "[o]ther than the fact of a prior conviction." *Id.* at 301 (citing *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). Here the court relied on the Petitioner's prior

---

[1] The Fourth Circuit held that *Blakely* is not available for retroactive application to § 2255 post-conviction relief movants in *Morris v. United States*, 429 F.3d 65 (4th Cir. 2005). *Blakely* applies prospectively and only to those cases on direct appeal at the time of the Supreme Court's decisions. *Id.* at 71-72. Defendant's conviction might not have been final when *Blakely* was decided, so the court will determine whether Petitioner's claim falls within that decision. On the other hand, Petitioner's conviction clearly was final when *United States v. Booker*, 543 U.S. 220 (2005), was decided. Accordingly, that opinion's holding that the mandatory application of the U.S. Sentencing Guidelines was unconstitutional does not apply to Petitioner. *See Morris*, 429 F.3d 65.

conviction, and therefore, again, *Blakely* was not violated by Petitioner's sentence.

## 2. Ineffective Assistance of Counsel

Petitioner asserts that he was denied the effective assistance of counsel. Petitioner alleges that his trial counsel failed to represent him adequately because he did not challenge the sufficiency of the indictment against him.

Claims of ineffective assistance of counsel may be raised for the first time on collateral review. *Massaro v. United States*, 538 U.S. 500, 504 (2003). In *Strickland v. Washington*, the Supreme Court established a two-prong test that a petitioner must satisfy to prevail on an ineffective assistance of counsel claim. 466 U.S. at 687. First, the petitioner must show that counsel's performance was deficient when measured against an objective standard of reasonableness. *Id.* at 687-688. Second, the petitioner must show that counsel's deficient performance prejudiced the defense, by depriving the petitioner of "a trial whose result is reliable." *Id.* at 687.

To establish the first prong, Petitioner must produce evidence that counsel's performance was not "within the range of competence demanded of attorneys in criminal cases." *Id.* at 687. There is a presumption that counsel's actions are strategic trial decisions. *Id.* at 689. The court is thus highly deferential to counsel's

9

decisions and reviews the challenged conduct in light of the totality of circumstances. *Id.* at 689-90.

As for the second prong, Petitioner must show that but for his counsel's deficient performance, the result of the proceedings would have been different. *See id.* To establish the second prong, a "defendant [who has pleaded guilty] must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Petitioner's claim that his trial counsel was deficient fails. Petitioner alleges that his trial counsel was ineffective for failing to challenge the adequacy of the indictment against him. (Paper 9, at 3-7). Petitioner asserts that because the indictment did not specify that the aggravated felony which led to his deportation was a "drug trafficking offense" the indictment was insufficient.

An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed.R.Crim.Pro. 7(c)(1). Thus,

> Rule 7 provides for a simplified form of indictment. The long, involved, and detailed circumstantiality of the common-law form is no longer required or permitted. The indictment or information must contain a plain, concise, and definite written statement of the essential facts constituting the offense charged.

1 Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc. Crim. 3d* § 3 (3d ed. 2007).  The Fourth Circuit has directed that in order to have charged properly an offense:

> (1) the indictment must contain a statement of "the essential facts constituting the offense charged," (2) it must contain allegations of each element of the offense charged, so that the defendant is given fair notice of the charge that he must defend, and (3) its allegations must be sufficiently distinctive so that an acquittal or conviction on such charges can be pleaded to bar a second prosecution for the same offense.

*United States v. Smith*, 44 F.3d 1259, 1263 (4th Cir. 1995).  An indictment that tracks the statutory language generally will survive any allegation that there is a defect.  *United States v. Fogel*, 901 F.2d 23, 25 (4th Cir. 1990).  Petitioner's indictment alleged that he was:

> an alien who previously had been deported and removed from the United States, after having been convicted of an aggravated felony, knowingly and unlawfully entered and was found in the United States, in Maryland, the said defendant having not obtained the express consent [of the U.S. government] to reapply for admission into the United States.

Petitioner's indictment is sufficient because it contained the elements of the offense, informed him of the charges he needed to defend against and placed him in a position to assert double jeopardy as a defense to any further prosecution for the same offense.

11

Petitioner's reliance on *United States v. Reyes-Acosta*, 334 F. Supp.2d 1077 (N.D.Ill. 2004) is misguided.  Petitioner reads *Reyes-Acosta* for the proposition that an indictment alleging a violation of § 1326(b)(2) must allege information about the prior aggravated felony conviction that led to the defendant's removal.  In fact, *Reyes-Acosta* merely "assume[d], *without deciding*, that after *Booker* [], the charge would have to allege specifically that removal occurred after an aggravated felony conviction."  *Id.* at 1078. Thus, *Reyes-Acosta* neither held that an indictment must allege an underlying aggravated felony, nor required any allegation of the details of the underlying aggravated felony conviction. Petitioner's indictment alleged that he was "removed, after having been convicted of an aggravated felony[.]"  Accordingly, the indictment alleged sufficiently a violation of § 1326(b)(2) even if an allegation of the aggravated felony element is required.

Even if Petitioner's indictment was inadequate, his ineffective assistance of counsel claim fails because he fails to meet either of *Strickland's* two prongs.  A reasonable attorney would not object to an indictment that specifies the charges against his client and explains the factual bases to meet each element of the charges.  Accordingly, Petitioner fails to show deficient performance.  Moreover, Petitioner cannot show prejudice because the record makes clear that even a successful objection to the indictment's form would not have prevented Petitioner from

12

pleading guilty to these charges. There is nothing to suggest that a successful objection to the indictment would not have been promptly cured by the filing of a superceding indictment and there is nothing to suggest that Petitioner's allegation that he was unaware that he could have faced twenty years incarceration is anything but post hoc regret. The court specifically questioned Petitioner as to whether he understood the charge under §1326(a)&(b)(2) and whether he understood the applicable statutory maximum of twenty years. (Paper 13, Re-arraignment/Guilty Plea Trans. at 4-7). Petitioner responded in the affirmative to both questions. Petitioner cannot show prejudice as a result. Accordingly, like his enhanced sentence claim, Petitioner's ineffective assistance of counsel claim fails.

**V. Conclusion**

For the foregoing reasons, Petitioner's motion under § 2255 to vacate, set aside, or correct his sentence is denied. A separate Order will be entered.

DEBORAH K. CHASANOW
United States District Judge